## Rosenblum v. United Natural Gas Co.

*Cyril T. Garvey*, for plaintiffs.
*David Goodwin*, for defendant.

RODGERS, P. J., April 26, 1957.—This matter comes before the court on the motion of plaintiffs to require defendant to permit plaintiffs to make certain examinations and photographs of certain materials which were removed from the gas lines of defendant company in the vicinity of the explosion which occurred on March 1, 1955, and seeking permission to examine the present gas lines of the company and asking the court to consider the failure of defendant to answer certain questions as an admission on the part of defendant that an answer would be unfavorable to defendant and seeking other relief.

Plaintiffs instituted separate actions against defendant company by filing præcipes for a writ of summons. These actions all rose out of an explosion which occurred at or near the western terminus of State Street Bridge, Sharon, on March 1, 1955, while workmen engaged in renovating the bridge by use of a welding torch encountered an accumulation of gas in front of the premises of plaintiffs. The explosion seems to have been touched off by sparks from the welding torch and the ensuing fire damage to the property of plaintiffs. Plaintiffs believe that the explosion originated in the main lines of plaintiffs under the bridge but alleged they lack the specific information which would be required of them in preparing and filing a complaint.

In order to enable plaintiffs to prepare their respective complaints they submitted written interrogatories to defendants in order to determine the location of the leak which they alleged caused the explosion, and requesting other information. In answer to the interrogatory requesting the exact location of the leak which caused the explosion defendant answered: "After due examination, the United Natural Gas Company is unable to determine that any leak in its line caused the alleged explosion."

Specifically, plaintiffs have asked the court to decree:

(a). That defendant shall produce and permit the inspection and photographing by or on behalf of plaintiffs of any and all of the pipes, fittings, connections or other materials which were removed from the lines of defendant company in the vicinity of the explosion which occurred on March 1, 1955, at or near the western terminus of the State Street Bridge in Sharon.

(b) That defendant shall permit plaintiffs or their counsel to have access to their gas lines as presently installed under the State Street Bridge in Sharon, for the purpose of inspection, measuring, surveying and photographing the property or any designated object or operation thereon.

Paragraph C of the motion asking that court decree the failure to answer certain questions as being an admission has not been pressed in the briefs or argument and is considered to be withdrawn.

Plaintiffs have cited the recent cases in this court, Swartz & Bunch v. The United Natural Gas Company, 141 September term, 1955, and 271 June term, 1955, as authority for the rule that this court would sustain preliminary objections to a complaint in trespass arising out of an explosion which did not allege specifically the negligent acts of defendant.

This court has referred to these cases and notes that we overruled the objections to the complaint which referred to the question of liability and sustained them only as to the matter of damages. Nevertheless, what we said there is helpful here. There, plaintiff alleged a leak in service line "negligently installed or connected" by defendant. This court said:

"The defendant also argues that a 'leak' does not in itself connote negligence. Under the facts of this case we cannot agree. Since, as the Complaint avers, the line was installed by the defendant, it is unrealistic to expect that the plaintiffs will be able to furnish

information which the defendant does not have available. "A Complaint is not insufficiently specific if the omitted matter is peculiarly within the knowledge of the defendants and its agents. Whitney v. City of Lebanon, 3 Lebanon County Law Journal, 114 (1951); 'or if the defendant actually has as much, or more, knowledge about the transaction than the plaintiff.' Kelly v. Bell Telephone Company, 67 York Legal Record, 172; 3 Goodrich-Amram Procedural Rules Service, page 43. A more specific pleading should not be required as to matters about which the objecting party has or should have as much or better knowledge than the pleader. 2 Anderson's Pennsylvania Civil Practice, Pocket Parts, page 54." See also Mercer County Housing v. Mercer Gas, Light & Fuel Company, 117 September term, 1955.

We believe that included in the critical facts necessary to be alleged in such a case is the location and the cause of the leak. These are facts not ordinarily within the knowledge of plaintiff. Defendant's answers on these points in the interrogatories are not very enlightening. In fact, they indicate that the leak was not in their line.

This presents plaintiffs with two alternatives. They must either accept defendant's answer as verity and withdraw their actions or seek the court's aid in securing more specific information. They have asked the court's aid and we believe that they are entitled to secure that information necessary to prepare their complaint. This includes permission to inspect and photograph the pipes and fitting connections and other materials which were removed from the line of defendant company in the vicinity of the explosion. In view of defendant's answers to the interrogatories, we can conceive of no other method by which they can prepare a proper complaint in the matter. We believe they also have the right to inspect the present installation in the

vicinity. This will permit them to determine what portions of defendant's lines were damaged and replaced after the explosion and give plaintiffs a method of determining whether they have had available for inspection, all materials which were removed.

*Order*

And now, April 26, 1957, it is ordered and decreed:

(a) That defendant shall produce and permit the inspection and photographing by or on behalf of plaintiffs of any and all of the pipes, fittings, connections or other materials which were removed from the lines of defendant company in the vicinity of the explosion which occurred on March 1, 1955, at or near the western terminus of the State Street Bridge in Sharon.

(b) That defendant shall permit plaintiffs or their counsel to have access to their gas lines as presently installed under the State Street Bridge in Sharon, for the purpose of inspection, measuring, surveying and photographing the property or any designate object or operation thereon.